E-filing

1 | SIDNEY J. COHEN, ESQ., State Bar No. 39023
  | SIDNEY J. COHEN PROFESSIONAL CORPORATION
2 | 427 Grand Avenue
  | Oakland, CA 94610
3 | Telephone: (510) 893-6682

4 | Attorneys for Plaintiff
  | RICHARD SKAFF

FILED
JAN - 9 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SKAFF

    Plaintiff,

V.

BON AIR ASSOCIATES, A CALIFORNIA LIMITED PARTNERSHIP; MARIN APOTHECARIES, dba ROSS VALLEY PHARMACY; and DOES 1-25, Inclusive,

    Defendants.

CASE NO. C08-00151 BZ
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**

**DEMAND FOR JURY TRIAL**

Complaint for Damages, Injunctive Relief, etc.

Plaintiff RICHARD SKAFF complains of Defendants above named, and each of them, and alleges as follows:

### FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A SHOPPING CENTER
(§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)

1. Plaintiff Richard Skaff is a "person with a disability" or "physically handicapped person."[1] Mr. Skaff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial to Mr. Skaff and other disabled persons of disabled access at the 2 Bon Air Professional Center (hereafter the "Center") at 2 Bon Air Road, Larkspur, California, and the Ross Valley Pharmacy, a tenant in the Center, including but not necessarily limited to a lack of disabled accessible parking, "paths of travel," ramps, entrances, drinking fountain, restrooms and signage in the common areas of the property and premises and a lack of a disabled accessible room in the Pharmacy where stockings are fitted, all in violation of federal and state disabled access laws and regulations,. Mr. Skaff was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Mr. Skaff was denied his rights to full and equal access at the Center and the Pharmacy because they were not, and are not, properly accessible to disabled persons such as Mr. Skaff who use wheelchairs. Mr. Skaff seeks injunctive relief to require Defendants to make the property and facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the facilities in the Center will be provided disabled accessible facilities in compliance with federal and state disabled access laws and regulations. Mr. Skaff also seeks recovery of damages for his physical and personal injuries and discriminatory experiences and seeks recovery of reasonable

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

Complaint for Damages and Injunctive Relief          -1-

1  attorneys' fees, litigation expenses and costs, according to statute.

2      3.    **JURISDICTION:**   This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*, Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

    4.    **VENUE:**   Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Mr. Skaff's causes of action arose in this district.

    5.    **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Mr. Skaff's causes of action arose in said intradistrict.

    6.    Defendants and DOES 1-10, Inclusive, are the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Center, buildings, facilities, and businesses which are the subject of this action located therein. The Center, buildings, facilities, and businesses are "public accommodations" subject to the requirements of California Health & Safety Code §19955 et seq. and of California Civil Code, §54, et seq. On information and belief, this Center, buildings, facilities, and businesses have, since July 1, 1970, either been constructed and/or undergone "alterations, structural repairs, or additions" subjecting them to disabled access requirements per §19959 Health & Safety Code.

    7. The true names and capacities of Defendants DOES 11 through 25, Inclusive, are unknown to Mr. Skaff who therefore sues said Defendants by such fictitious names; Mr. Skaff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Mr. Skaff. Mr. Skaff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-10, Inclusive, are and/or were the owners, operators, lessors, lessees, franchisors and/or franchisees of the subject Center and Pharmacy during all times relevant to this Complaint. Mr. Skaff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Mr. Skaff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of Health & Safety Code §19955 et. seq. Mr. Skaff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the City of Larkspur, County of Marin, State of California.

10. §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include shopping centers and buildings and facilities contained therein. §19955 Health & Safety Code also requires that, "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of new construction and/or each alteration, structural repair, and addition which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever there is such new construction or whenever each such "alteration, structural repair or addition" is carried out. On information and belief, the original construction of the Center and buildings and facilities and alterations, structural repairs, or additions which additionally triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access

Complaint for Damages and Injunctive Relief        -3-

1   pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

2       11.    On June 19, 2007 Mr. Skaff, who requires the use of a wheelchair for mobility, arrived at the Center in his wheelchair accessible van for the purpose of being fitted for and purchasing special stockings at the Pharmacy. From the time of his arrival to his departure, he encountered numerous barriers to access, including but not limited to 1) parking lot barriers, path of travel barriers from the parking lot to the entrance, ramp barriers, entry door barriers, drinking fountain barriers, restroom barriers and signage barriers in the common areas of the property and premises and 2) fitting room barriers in the Pharmacy, more specifically set forth as follows:

    A.    Upon his arrival at the Center, Mr. Skaff parked his vehicle in a designated "accessible" parking space in the rear parking lot of the property which did not, and on information and belief, still does not, comply with federal and state disabled access laws and regulations. In this regard, Mr. Skaff encountered substantial difficulty in exiting his vehicle because of the configuration of the space and access aisle, which was not van accessible and required that he struggle to proceed from his vehicle lift to the parking lot surface. In this struggle, Mr. Skaff suffered physical injury to his shoulder.

    B.    Mr. Skaff then encountered a "path of travel" which did not, and on information and belief still does not, comply with federal and state disabled access laws and regulations. In this regard, Mr. Skaff encountered an entry ramp 1) with a significant slope rather than a level landing at the bottom, 2) with a significant slope on the ramp substantially in excess of 5%, 3) with a significant cross slope, 4) which requires a 90 degree turn on a compound slope, and 5) with handrails that do not extend far enough beyond the bottom of the ramp surface and which have skateboard control devices on the handrail surfaces. Mr. Skaff encountered substantial difficulty in proceeding up this ramp and again suffered physical injury to his shoulder.

    C.    Once inside the building, Mr. Skaff encountered a non compliant water fountain and a non compliant men's restroom which caused him difficulty. In this regard, the water fountain was not and is not a high/low fountain and the men's restroom had, and on information and belief still has, among other things, 1) no geometric signage on the entry door and an entry

Complaint for Damages and Injunctive Relief    -4-

1  door requiring excessive force to open, 2) a latch on the toilet compartment requiring tight grasping
2  and twisting to open, 3) no pull handle on the interior of the toilet compartment door, and 4) a seat
3  cover dispenser in excess of height requirements. This lack of a pull handle on the interior side of
4  the toilet compartment was especially troublesome, as it required that Mr. Skaff put his left arm
5  under the toilet compartment door and then push the lock to the toilet compartment closed. In
6  addition to the strain on his body in attempting to accomplish this, Mr. Skaff almost fell out of his
7  wheelchair while trying to lock the toilet compartment door closed.

8       D.   Once inside the Pharmacy, Mr. Skaff went through the process of being
9  fitted for special stockings. This required that he proceed down a narrow hallway to an office which
10 the Pharmacy uses to measure customers for fittings. The office was so small that the Pharmacy
11 employee had to climb over Mr. Skaff in his wheelchair to close the office door for privacy for the
12 fitting and over Mr. Skaff's wheelchair to take the measurements for the fitting.

13      E.   Mr. Skaff encountered the same fitting room obstacles in exiting the fitting
14 room that he did in entering the fitting room and the same path of travel, ramp, and parking lot
15 problems in exiting the building that he encountered when entering the building.

16      12.  In addition to the barriers to access that Mr. Skaff encountered on June 19, 2007,
17 the common area of the property and premises 1)lacks the proper number of disabled accessible
18 parking spaces, 2) lacks proper signage in the parking lot and in the building, 3) lacks detectable
19 warnings on curb ramps and driveways, and 4) has ramps with excessive slopes and handrails with
20 skateboard control devices serving the exterior entrances to suites 120 and 140.

21      13.  Mr. Skaff, who returned to the Center on June 21, 2007 to pick up his specially
22 fitted stockings, encountered many of the same barriers to access that he encountered on his June
23 19, 2007 encounter.

24      14.  Following his June 19, 2007 encounter Mr. Skaff communicated by telephone with
25 Defendant Bon Air Associates' representative Chris Barlow of Wareham Development regarding
26 the lack of disabled access at the property and premises,

27      15.  By e mail to Mr. Skaff dated June 21, 2007 Mr. Barlow advised that "we will have

28

Complaint for Damages and Injunctive Relief             -5-

1   an appropriately experienced person conduct a review of ADA compliance at the building within
2   the next 30 days." By e mail to Mr. Barlow on June 21, 2007, Mr. Skaff, among other things, made
3   Mr. Barlow aware that the review of the site should take into account the California Building Code
4   and Americans With Disabilities Act Accessibility Guidelines and asked for a copy of the
5   compliance report and a copy of a schedule as to when the items found out of compliance will be
6   corrected. Mr. Barlow did not respond to Mr. Skaff's e mail.

7   16.   By e mail to Mr. Barlow on August 1, 2007, Mr. Skaff, among other things,
8   asked whether a consultant had been hired and, if so, when he could expect to receive a copy of the
9   consultant's report. Mr. Barlow did not respond to Mr. Skaff's e mail.

10  17.   On August 31, 2007, Mr. Skaff visited the property and premises at 2 Bon Air Road
11  and observed that nothing had been done at the property and premises to correct any of the site and
12  building code violations. Defendants should be required to bring the property and premises into
13  compliance with all federal and state disabled access laws and regulations.

14  18.   Further, any violation of the Americans With Disabilities Act of 1990, (as pled in
15  the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein,
16  word for word, as if separately repled), also constitutes a violation of §54(c) California Civil Code,
17  thus independently justifying an award of damages and injunctive relief pursuant to California law.

18  19.   Further, any violation of the Americans With Disabilities Act of 1990, (as pled in
19  the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein,
20  word for word, as if separately repled), also constitutes a violation of §54.1(d) California Civil
21  Code, thus independently justifying an award of damages and injunctive relief pursuant to
22  California law, including but not limited to §§54.3 and 55 Civil Code.

23  20.   **INJUNCTIVE RELIEF:** Mr. Skaff seeks injunctive relief to prohibit the acts and
24  omissions of Defendants as complained of herein which are continuing on a day-to-day basis and
25  have the effect of wrongfully excluding Mr. Skaff and other members of the public who are
26  physically disabled wheelchair users from full and equal access to the Center and its buildings,
27  facilities, and businesses. Such acts and omissions are the cause of humiliation and mental and
28

emotional suffering of Mr. Skaff in that these actions continue to treat Mr. Skaff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places; Mr. Skaff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of the Center and its buildings and facilities. Until Defendants make the Center and its buildings, facilities, and businesses accessible to and useable by Mr. Skaff, he is deterred from returning to the Center and its buildings and facilities. Once the property and facilities are made accessible in accordance with federal and state disabled access laws and regulation, Mr. Skaff, who wishes to return to the property and facilities, will no longer be deterred from doing so. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Mr. Skaff if not enjoined by this court.

21.     **DAMAGES:** As a result of the denial of equal access to the Center, the Pharmacy, and its buildings, facilities, and businesses, and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, franchising, constructing, altering, and maintaining the subject Center and its buildings, facilities, and businesses, Mr. Skaff suffered a violation of his Civil Rights, including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical injury and/or discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against Mr. Skaff on the sole basis that he was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the Center, the Pharmacy, and its buildings and facilities on a full and equal basis as other persons. Mr. Skaff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

22.     **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Mr. Skaff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce Mr. Skaff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Mr. Skaff therefore

seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of §54.3 Civil Code. Additionally, Mr. Skaff's lawsuit is intended not only to obtain compensation for damages to Mr. Skaff, but also to force the Defendants to make their facilities accessible to al! disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

23. Wherefore Mr. Skaff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Mr. Skaff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55. and other law. Mr. Skaff further requests that the court award damages pursuant to Civil Code §54.3 and other law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Mr. Skaff prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101FF**

24. Mr. Skaff repleads and incorporates by reference, as if fully set forth again herein. the allegations contained in Paragraphs 1 through 23 of this Complaint, and incorporates them herein as if separately repled.

25. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and

1 prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue
2 those opportunities for which our free society is justifiably famous. . . ."

26. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

27. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are he shopping centers and buildings and facilities contained therein which serve the public. In addition, pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

28. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

1  §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are
2  structural in nature, in existing facilities... where such removal is readily achievable;"
3  §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv)
4  is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages,
5  or accommodations available through alternative methods if such methods are readily achievable."
6  The acts and omissions of Defendants set forth herein were in violation of Mr. Skaff's rights under
7  the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

8      29.    The removal of each of the barriers complained of by Mr. Skaff as hereinabove
9  alleged, were at all times herein mentioned "readily achievable" under the standards of the
10 Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the
11 architectural barriers complained of herein were also required under California law. On information
12 and belief, access in certain particulars were also required by either new construction and /or
13 alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303
14 of the ADA (42 USC 12183).

15     30.    On information and belief, as of the date of Mr. Skaff's visits and as of the date of
16 the filing of this Complaint, the premises denied full and equal access to Mr. Skaff and to other
17 disabled wheelchair users in other respects, which violated Mr. Skaff's rights to full and equal
18 access and which discriminate against Mr. Skaff on the basis of his disability, thus wrongfully
19 denying to Mr. Skaff the full and equal enjoyment of the goods, services, facilities, privileges,
20 advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises
21 continue on a day to day basis to deny Mr. Skaff and other disabled persons such full and equal
22 access.

23     31.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Mr. Skaff
24 is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42
25 USC 2000(a)-3(a), as Mr. Skaff is being subjected to discrimination on the basis of disability in
26 violation of this title or has reasonable grounds for believing that he is about to be subjected to
27 discrimination in violation of §302. On information and belief, Defendants have continued to
28

Complaint for Damages and Injunctive Relief    -10-

violate the law and deny the rights of Mr. Skaff and of other disabled persons to access this public accommodation since on or before Mr. Skaff's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

32. Mr. Skaff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Mr. Skaff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the facilities.

Wherefore Mr. Skaff prays for relief as hereinafter stated:

### PRAYER

1. Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees of the subject Center and its building, facilities, and businesses to modify the above described facilities so that each provides full and equal access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Mr. Skaff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Mr. Skaff all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, and treble damages pursuant to Civil Code Section 54.3, all according to proof.

4. Award to Mr. Skaff reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

1    5.    Grant such other and further relief as this Court may deem just and proper.

2  Dated: 1/9/08            SIDNEY J. COHEN
                            PROFESSIONAL CORPORATION

3

4                           By _____
                            Sidney J. Cohen
5                           Attorney for Plaintiff Richard Skaff

6              DEMAND FOR JURY TRIAL

7    Mr. Skaff hereby demands a jury for all claims for which a jury is permitted.

8  Dated: 1/9/08            SIDNEY J. COHEN
                            PROFESSIONAL CORPORATION
9

10                          By _____
                            Sidney J. Cohen
11                          Attorney for Plaintiff Richard Skaff

Complaint for Damages and Injunctive Relief            -12-