1  JOHN H. FELDMANN III (State Bar No. 61096)
   LAW OFFICES OF JOHN H. FELDMANN III
2  211 Forbes Ave.
   P.O. BOX 150329
3  SAN RAFAEL, CA 94915
   Telephone: (415) 453-8249
4  Facsimile: (415) 453-5872

5  Attorney for Defendant
   MARIN APOTHECARIES, INC.
6  dba ROSS VALLEY PHARMACY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF,<br><br>  Plaintiff,<br><br> vs.<br><br>BON AIR ASSOCIATES, A CALIFORNIA LIMITED PARTNERSHIP; MARIN APOTHECARIES, dba ROSS VALLEY PHARMACY, and DOES 1-25, Inclusive,<br>  Defendants. | Case No. C08-001514395 BZ<br><br>**MARIN APOTHECARIES, INC.'s ANSWER TO COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS; INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITES ACT OF 1990** |

Defendant MARIN APOTHECARIES, INC.dba ROSS VALLEY PHARMACY ("Pharmacy") answers the Complaint:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A SHOPPING CENTER**

**(Sections 19955, Et Seq., Health & Safety Code, Section 54.1 Civil Code)**

1.  Answering paragraph 1, The Pharmacy is without sufficient information or knowledge to form a belief as to the allegations that Plaintiff RICHARD SKAFF ("Skaff") requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair. The remaining allegations in paragraph 1 set forth conclusions of law to which no response is required.

2.  **SUMMARY:** Answering paragraph 2, the Pharmacy admits that it is a tenant in the 2 Bon Air Professional Center ("Center") at 2 Bon Air Road, Larkspur, California. The

1  Pharmacy denies that it violated either any disability access law or civil rights law and that Skaff
2  was damaged in the manner alleged or in any manner as a result of the Pharmacy's conduct. The
3  remaining allegations in paragraph 2 set forth conclusions of law to which no response is
4  required.

      3.      **JURISDICTION:** The allegations in paragraph 3 set forth conclusions of law to which no response is required.

      4.      **VENUE:** Answering paragraph 4, the Pharmacy admits that the real property which is the subject of this action is located in this district. The remaining allegations in paragraph 4 set forth conclusions of law to which no response is required.

      5.      **INTRADISTICT:** Answering paragraph 5, the Pharmacy admits that the real property which is the subject of this action is located in this district. The remaining allegations in paragraph 5 set forth conclusions of law to which no response is required.

      6.      Answering paragraph 6, the Pharmacy admits that it operates a business in the Center in space leased from Bon Air Associates. The Pharmacy is without sufficient information or knowledge to form a belief as to the remaining allegations in that paragraph that do not set forth conclusions of law to which no response is required and on that basis denies them.

      7.      Answering paragraph 7, the Pharmacy denies that it violated either any disability access law or civil rights law and that Skaff was damaged in the manner alleged or in any manner as a result of the Pharmacy's conduct. The Pharmacy is without sufficient information or knowledge to form a belief as to the remaining allegations in paragraph 7 that do not set forth conclusions of law to which no response is required and on that basis denies them.

      8.      Answering paragraph 8, the Pharmacy admits that it operates a business in the Center in space leased from Bon Air Associates. The Pharmacy denies that it violated either any disability access law or civil rights law and that Skaff was damaged in the manner alleged or in any manner as a result of the Pharmacy's conduct. The Pharmacy is without sufficient information or knowledge to form a belief as to the remaining allegations in that paragraph that do not set forth conclusions of law to which no response is required and on that basis denies them.

      9.      Answering paragraph 9, the Pharmacy admits that it is located in the City of Larkspur, County of Marin, State of California. The Pharmacy denies that it violated either any

1  disability access law or civil rights law and that either Skaff or anyone else was damaged in the
2  manner alleged or in any manner as a result of the Pharmacy's conduct. The Pharmacy is without
3  sufficient information or knowledge to form a belief as to the remaining allegations in that
4  paragraph that do not set forth conclusions of law to which no response is required and on that
   basis denies them.
5
        10.    Answering paragraph 10, the Pharmacy is without sufficient information or
6  knowledge to form a belief as to the allegations in that paragraph that do not set forth conclusions
7  of law to which no response is required and on that basis denies them.
8        11.    Answering paragraph 11, including subparagraphs A through E, the Pharmacy
9  admits that Skaff went through the process of being fitted for special stockings in a room that it
   uses to measure customers for fittings. The Pharmacy denies that Skaff was required to proceed
10 down a narrow hallway and that the room was so small that the Pharmacy employee had to climb
11 over Skaff's wheelchair to take the measurements for the fitting. The Pharmacy further denies that
12 it violated either any disability access law or civil rights law and that Skaff was damaged in the
13 manner alleged or in any manner as a result of the Pharmacy's conduct. The Pharmacy is without
14 sufficient information or knowledge to form a belief as to the remaining allegations in those
15 paragraphs that do not set forth conclusions of law to which no response is required and on that
   basis denies them.
16
        12.    Answering paragraph 12, the Pharmacy denies that Skaff encountered barriers to
17 access on June 19, 2007 as a result of the Pharmacy's conduct. The Pharmacy is without
18 sufficient information or knowledge to form a belief as to the remaining allegations in that
19 paragraph that do not set forth conclusions of law to which no response is required and on that
20 basis denies them.
21        13.    Answering paragraph 13, the Pharmacy admits that either on or about June 21,
22 2007, Skaff returned to pick up his specially fitted stockings. The Pharmacy denies that Skaff
   encountered barriers to access on that date as a result of the Pharmacy's conduct. The Pharmacy is
23 without sufficient information or knowledge to form a belief as to the remaining allegations in
24 that paragraph that do not set forth conclusions of law to which no response is required and on
25 that basis denies them.
26        14.    Answering paragraph 14, the Pharmacy is without sufficient information or
27
28 MARIN APOTHECARIES, INC.'s                                    Case No. C08-00151 BZ        3
   ANSWER TO COMPLAINT

knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

15. Answering paragraph 15, the Pharmacy is without sufficient information or knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

16. Answering paragraph 16, the Pharmacy is without sufficient information or knowledge to form a belief as to the allegations in that paragraph and on that basis denies them.

17. Answering paragraph 17, the Pharmacy is without sufficient information or knowledge to form a belief as to the allegations in that paragraph that do not set forth conclusions of law to which no response is required and on that basis denies them.

18. Answering paragraph 18, the allegations in that paragraph set forth conclusions of law to which no response is required.

19. Answering paragraph 19, the allegations in that paragraph set forth conclusions of law to which no response is required.

20. **INJUNCTIVE RELIEF:** Answering paragraph 20, the Pharmacy denies that it violated either any disability access law or civil rights law and that either Skaff or anyone else was damaged in the manner alleged or in any manner as a result of the Pharmacy's conduct. The Pharmacy is without sufficient information or knowledge to form a belief as to the remaining allegations in that paragraph that do not set forth conclusions of law to which no response is required and on that basis denies them.

21. **DAMAGES:** Answering paragraph 21, the Pharmacy denies that it violated either any disability access law or civil rights law, that Skaff was damaged in the manner alleged or in any manner as a result of the Pharmacy's conduct, and that Skaff is entitled to any damages either statutory in nature or otherwise. The remaining allegations in that paragraph set forth conclusions of law to which no response is required.

22. **FEES AND COSTS:** Answering paragraph 22, the Pharmacy denies that it violated either any disability access law or civil rights law, that either Skaff or anyone else was damaged in the manner alleged or in any manner as a result of the Pharmacy's conduct, and that Skaff is entitled to recover all reasonable attorney's fees and costs. The remaining allegations in that paragraph set forth conclusions of law to which no response is required.

23. Answering paragraph 23, the Pharmacy denies that it violated either any disability access law or civil rights law, that either Skaff or anyone else was damaged in the manner alleged

1  or in any manner as a result of the Pharmacy's conduct, and that Skaff is entitled to either any
2  injunctive relief, damages, costs or attorney's fees. The remaining allegations in that paragraph
3  set forth conclusions of law to which no response is required.

## SECOND CAUSE OF ACTION:

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

## 42 USC SECTION 1210FF

24.   Answering paragraph 24, the Pharmacy incorporates its responses to paragraphs 1 through 23 into this response.

25.   Answering paragraph 25, the allegations in that paragraph set forth conclusions of law to which no response is required.

26.   Answering paragraph 26, the allegations in that paragraph set forth conclusions of law to which no response is required.

27.   Answering paragraph 27, the allegations in that paragraph set forth conclusions of law to which no response is required.

28.   Answering paragraph 28, the Pharmacy denies that it violated Skaff's rights under the ADA and its regulations. The remaining allegations in that paragraph set forth conclusions of law to which no response is required.

29.   Answering paragraph 29, the Pharmacy denies that Skaff encountered any barriers at the Pharmacy and specifically denies that it violated any disability access law. The remaining allegations in paragraph 29 set forth conclusions of law to which no response is required.

30.   Answering paragraph 30, the Pharmacy denies that Skaff and other disabled wheelchair users either have been or are currently denied access to the Pharmacy and specifically denies that it violated either any disability access law. The remaining allegations in paragraph 30 set forth conclusions of law to which no response is required.

31.   Answering paragraph 31, the Pharmacy denies that Skaff and other disabled persons either have been or are currently either subjected to discrimination or denied full and equal access to the Pharmacy and specifically denies that it violated any disability access law or civil rights law. The remaining allegations in paragraph 31 set forth conclusions of law to which no response is required.

32. Answering paragraph 32, the Pharmacy denies that Skaff either has been or is being subjected to discrimination on the basis of disability as a result of the Pharmacy's conduct and specifically denies that it violated any disability access law or civil rights law. The remaining allegations in paragraph 32 set forth conclusions of law to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint, the Pharmacy alleges the following separate affirmative and other general defenses:

1. The Complaint fails to state a claim upon which relief can be granted.
2. Skaff did not sustain any injuries as a proximate result of any of the acts alleged in the Complaint.
3. Skaff's claims are barred by the relevant statutes of limitations.
4. Skaff failed to exhaust appropriate administrative remedies.
5. Skaff failed to exercise ordinary care, caution or prudence to avoid his alleged injuries and the resulting damages to him, if any, were proximately caused by his conduct.
6. Skaff assumed the risk of the alleged acts and, therefore, has waived and is estopped from asserting his claims.
7. Skaff unreasonably delayed asserting his claims, which is prejudicial to the defense of this action and, therefore, his recovery is either barred or diminished under the doctrine of estoppel.
8. Skaff failed to take reasonable steps to mitigate his alleged injuries.
9. Skaff's claims are moot.
10. Skaff's claims are barred by the doctrine of unclean hands.
11. Skaff's claims are barred by the doctrine of laches.
12. Skaff consented to the conduct that he alleges in the Complaint.
13. The conduct alleged in the Complaint, to the extent it occurred, was privileged and justified and done in good faith and no action may be taken against the Pharmacy on account of its conduct.
14. Persons or entities other than the Pharmacy caused any damage sustained by Skaff.
15. The Pharmacy did not ratify or approve any wrongful conduct.
16. Skaff's state claims are preempted by federal law.

17. Skaff lacks standing to assert the claims in the Complaint.

18. The Pharmacy is in compliance with all statutory obligations to persons with disabilities.

19. Skaff's claims for injunctive relief are barred by state law.

20. Skaff failed to provide notice to the Pharmacy of any of the alleged violations of law contained in his Complaint before filing this action.

21. The alterations to access, to the extent that they are required, are not readily achievable without fundamentally altering the nature of the goods, services and facilities being provided.

22. The Pharmacy is not required to: (1) make the Pharmacy more accessible to and usable to persons with disabilities; (2) take action that would result in undue financial or administrative burdens; or (3) make structural changes to the existing facility, where other methods have been effective in achieving compliance with the law.

23. The Pharmacy is informed and believes that Skaff's claims are barred because the Center has performed or is in the process of performing all readily achievable architectural barrier removal required by law.

24. The Pharmacy is informed and believes that the Skaff's claims are barred because the Center has remedied or is in the process of remedying an access barrier with alternative methods of access.

25. The Pharmacy is informed and believes that no less discriminatory alternatives were available.

26. The Pharmacy is informed and believes that it was required to act out of business necessity, in that there was no acceptable alternative to accomplish the same business goal with less discriminatory impact.

27. The Pharmacy had non-discriminatory reasons for the actions alleged in the Complaint.

MARIN APOTHECARIES, INC.'s ANSWER TO COMPLAINT    Case No. C08-00151 BZ    7

28. The Pharmacy is not responsible under the law and its lease for any access violations.

The Pharmacy reserves the right to allege other affirmative general defenses, as they may become known in the course of discovery.

The Pharmacy prays:

1. That Skaff take nothing by the Complaint;
2. That the Complaint be dismissed with prejudice and that judgment be entered in the Pharmacy's favor;
3. That the Pharmacy recover its cost, including reasonable attorney's fees; and
4. That the Court grant other relief as it may deem appropriate.

**DEMAND FOR JURY TRIAL**

The Pharmacy demands a trial by jury.

DATED: February 11, 2008

LAW OFFICES OF JOHN H. FELDMANN III

By: ___/s/___
     John H. Feldmann III

Attorney for Defendant
MARIN APOTHECARIES, INC.
dba ROSS VALLEY PHARMACY