SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
ERICK C. HOWARD (Bar #214107)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
rward@sflaw.com
ehoward@sflaw.com

Attorneys for Defendant
BON AIR ASSOCIATES, a California Limited
Partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD SKAFF,<br><br>Plaintiff,<br><br>v.<br><br>BON AIR ASSOCIATES, a California Limited Partnership; MARIN APOTHECARIES, dba Ross Valley Pharmacy; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. C 08-00151 BZ<br><br>**BON AIR ASSOCIATES' REPLY TO COMPLAINT FOR PRELIMINARY INJUNCTIVE RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant BON AIR ASSOCIATES, a California limited partnership ("Bon Air") in answer to the Complaint of Richard Skaff ("Plaintiff" or "Skaff"), alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF**

**FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC**

**FACILITIES IN A SHOPPING CENTER**

**(§§ 19955, Et. Seq., Health & Safety Code, § 54.1 Civil Code)**

1.  Bon Air has no reason to doubt Mr. Skaff's allegations as to his disability but lacks a basis and first hand knowledge to admit the allegation and therefore denies for lack of first hand knowledge.

2. Bon Air denies the allegations in Paragraph 2 of the Complaint.

3. Bon Air agrees that jurisdiction would exist if Plaintiff's claims are properly pleaded.

4. Bon Air admits that venue is proper in this district.

5. Bon Air agrees that the San Francisco is the appropriate location within the district.

6. Bon Air denies the allegations in Paragraph 6 of the Complaint.

7. Bon Air denies the allegations in Paragraph 7 of the Complaint.

8. Bon Air denies the allegations in Paragraph 8 of the Complaint.

9. Bon Air denies the allegations in Paragraph 9 of the Complaint.

10. Based on a lack of first hand knowledge, Bon Air denies the dates of the original construction of the property and otherwise admits the allegations in this paragraph of the complaint.

11. Bon Air denies the allegations in Paragraph 11 of the Complaint based on a lack of first hand knowledge.

12. Bon Air admits that it has become aware that some aspects of the construction of the property that are no longer in compliance with code requirements implemented to provide access to persons with disabilities. Bon Air denies that such non-compliance is pervasive or has the consequences apparently alleged by Plaintiff. Bon Air otherwise denies all allegations in this paragraph of the Complaint.

13. Bon Air denies the allegations in Paragraph 13 of the Complaint based on a lack of first hand knowledge.

14. Bon Air admits the allegations in Paragraph 14 of the Complaint.

15. Bon Air admits that Plaintiff so contacted Christopher Barlow ("Barlow") but denies that Barlow failed to respond. Barlow indeed responded and a copy of the communication is not only in Plaintiff's possession but has been made available to Plaintiff's counsel.

16. Bon Air denies the allegations in Paragraph 16 of the Complaint.

17. Bon Air denies the allegations in Paragraph 17 of the Complaint based on a lack of

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1. first hand knowledge.

18. Bon Air admits the law but denies violations of the said law.

19. Bon Air admits the law but denies violations of the said law.

20. Bon Air denies the allegations in Paragraph 20 of the Complaint.

21. Bon Air denies the allegations in Paragraph 21 of the Complaint.

22. Bon Air denies the allegations in paragraph 22 of the Complaint.

23. Bon Air denies the allegations in Paragraph 23 of the Complaint.

## SECOND CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC § 12101FF

24. Bon Air repleads and realleges its allegations in responses to Paragraphs 1 through 23 of the Complaint.

25. Bon Air admits the law but denies violations of the law.

26. Bon Air admits the allegations in Paragraph 26 of the Complaint.

27. Bon Air admits the allegations in Paragraph 27 of the Complaint.

28. Bon Air denies the allegations in Paragraph 28 of the Complaint.

29. Bon Air denies that removal of all alleged obstructions or removal of all barriers would be "readily achievable."

30. Bon Air denies the allegations in Paragraph 30 of the Complaint.

31. Bon Air denies the allegations in Paragraph 31 of the Complaint.

32. Bon Air denies the allegations in Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. As a first and separate affirmative defense, Bon Air alleges that the Complaint and each claim for relief contained therein fails to state a claim upon which relief can be granted against Bon Air.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**SECOND AFFIRMATIVE DEFENSE**
(**Laches**)

2.  As a second and separate affirmative defense, Bon Air alleges that Plaintiff's Complaint and each claim for relief contained therein is barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**
(**Statute of Limitations**)

3.  As a third and separate affirmative defense, Bon Air alleges that the Complaint and each claim contained therein is barred by the terms of the applicable statute of limitations in that said action, and each claim for relief contained therein, was not filed within the period prescribed by said applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**
(**Failure to Mitigate Damages**)

4.  As a fourth and separate affirmative defense, Bon Air alleges that plaintiff has failed to mitigate its damages, if any were sustained.

**FIFTH AFFIRMATIVE DEFENSE**
(**Causation**)

5.  As a fifth and separate affirmative defense, Bon Air alleges there is no causation between the acts and omissions alleged by plaintiff to have been made by Bon Air and the damages allegedly suffered by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**
(**Absence of Duty**)

6.  As a sixth and separate affirmative defense, Bon Air alleges that Bon Air owed no duty to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**
(**Privilege and Jurisdiction**)

7.  The conduct alleged in the Complaint, to the extent it occurred, was privileged and justified and done in good faith and no action may be taken against Bon Air on account of its conduct.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8. Plaintiff's claims are betted by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
### (Standing)

9. Plaintiff lacks standing to assert the claims in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
### (Preemption)

10. Plaintiff's claims are preempted by federal law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Non Readily Achievable)

11. The alterations to access, to the extent that they are required, are not readily achievable without fundamentally altering the nature of the goods, services and facilities being provided.

### TWELFTH AFFIRMATIVE DEFENSE
### (Mootness)

12. Plaintiff's claims are barred because Bon Air is in the process of performing all readily achievable architectural barrier removal required by law.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Alternative Access)

13. Plaintiff's claims are barred because Bon Air is in the process of remedying an access barrier with alternative methods of access.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Absence of Discrimination)

14. Bon Air is informed and believes that no less discriminatory alternatives were available.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 5 -
Case No.
C 08-00151 BZ
BON AIR'S ANSWER TO COMPLAINT

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Business Necessity)**

15. Bon Air is informed and believes that it was required to act out of business necessity, in that there was no acceptable alternative to accomplish the same business goal with less discriminatory impact.

### PRAYER

Bon Air prays as follows:

1. Plaintiff take nothing by his Complaint;

2. Cost of suit; and

3. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Bon Air demands a trial by jury.

DATED:   February 21, 2008          SHARTSIS FRIESE LLP


By: */s/ Robert Charles Ward*
         ROBERT CHARLES WARD

Attorneys for Defendant
BON AIR ASSOCIATES, A CALIFORNIA
LIMITED PARTNERSHIP

0498\005C\RWARD\1493183.1

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 6 -
Case No. C 08-00151 BZ       BON AIR'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

I, Janis L. Ing, declare:

1.  I am employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, 18th Floor, San Francisco, California 94111.

2.  I am over the age of eighteen years and am not a party to the within cause.

3.  I am readily familiar with Shartsis Friese LLP's practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, which in the normal course of business provides for the deposit of all correspondence and documents with the United States Postal Service on the same day they are collected and processed for mailing.

4.  On February 21, 2008, at Shartsis Friese LLP located at the above-referenced address, I served the attached BON AIR ASSOCIATES' REPLY TO COMPLAINT FOR PRELIMINARY INJUNCTIVE RELIEF AND DAMAGES; DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990; DEMAND FOR JURY TRIAL on the interested parties in said cause by

___ personal delivery by messenger service of the document(s) above to the person(s) at the address(es) set forth below:

_x_ placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in accordance with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) set forth below:

___ facsimile transmission pursuant to Rule 2008 of the California Rules of Court on this date before 5:00 p.m. (PST) of the document(s) listed above from sending facsimile machine main telephone number (415) 421-2922, and which transmission was reported as complete and without error (copy of which is attached), to facsimile number(s) set forth below:

___ consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

___ electronically delivering the document(s) listed above pursuant to federal and local rules of the court on this date from electronic address sflaw.com, and which transmission was reported as complete and without error, to electronic mail address(es) set forth below:

- 7 -

Case No.  BON AIR'S ANSWER TO COMPLAINT
C 08-00151 BZ

| | |
|---|---|
| Sidney Cohen, Esq.<br>Sidney J. Cohen Professional Corporation<br>427 Grand Avenue<br>Oakland, CA 94610 | Attorneys for Plaintiff Richard Skaff |
| John H. Feldmann III, Esq.<br>Law Offices of John H. Feldmann III<br>PO Box 150329<br>San Rafael, CA 94915 | Attorneys for Defendant Marin Apothecaries, Inc. dba Ross Valley Pharmacy |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2008, in San Francisco, California.

*/s/ Janis L. Ing*_____
        Janis L. Ing

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- 8 -

Case No.
C 08-00151 BZ

BON AIR'S ANSWER TO COMPLAINT

| | |
|---|---|
| Sidney Cohen, Esq.<br>Sidney J. Cohen Professional Corporation<br>427 Grand Avenue<br>Oakland, CA 94610 | Attorneys for Plaintiff Richard Skaff |
| John H. Feldmann III, Esq.<br>Law Offices of John H. Feldmann III<br>PO Box 150329<br>San Rafael, CA 94915 | Attorneys for Defendant Marin Apothecaries, Inc. dba Ross Valley Pharmacy |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2008, in San Francisco, California.

_____
Janis L. Ing